## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK TUBRE, SR.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **No. 14-771** |
| | |
| **AUTOMOBILE CLUB OF** | **SECTION "E"** |
| **MISSOURI, et al.,** | |
| **Defendants** | |

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by plaintiff Mark Tubre, Sr. ("Plaintiff").[1] Defendant, Automobile Club of Missouri ("AAA"), opposes Plaintiff's motion.[2] Plaintiff filed a reply in support of his motion.[3] For the reasons that follow, Plaintiff's Motion to Remand is **GRANTED**.

### BACKGROUND

Plaintiff filed suit in state court against his former employer, AAA. Plaintiff also sued Steven Wicker, Thomas Smith, David Seymour, and Kevin Weaver, employees of AAA.[4] After his employment was terminated, Plaintiff alleges employees of AAA made "malicious and defamatory statements" about him, including, *inter alia*, that Plaintiff engaged in criminal activities.[5] Specifically, as it relates to this motion, Plaintiff alleges Weaver "told several people on multiple occasions that the plaintiff was smuggling drugs across state

---

[1] R. Doc. 7.

[2] R. Doc. 9.

[3] R. Doc. 13.

[4] R. Doc. 1-1. Plaintiff also named Sheriff Newell Normand as a defendant, but voluntarily dismissed claims against Sheriff Newell Normand before AAA removed the case to this Court.

[5] R. Doc. 1-1, pp. 2-4.

lines in the gas tanks of vehicles."[6]

AAA timely filed a notice of removal arguing this Court has subject matter jurisdiction based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. AAA states there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana and no other defendant shares Louisiana citizenship with Plaintiff.[7] AAA argues the citizenship of Weaver, who is a citizen of Louisiana, should be ignored because he was improperly joined as a defendant in this action. AAA asserts Plaintiff has no viable cause of action against Weaver because Plaintiff's petition lacks sufficient specific factual allegations to support a defamation claim.[8]

Plaintiff moved to remand the case to state court, arguing the citizenship of Weaver should not be ignored because he was properly joined in this matter and his presence destroys complete diversity. Plaintiff asserts his state court petition, setting forth a claim against Weaver for defamation, is sufficient to provide a reasonable basis for relief. Plaintiff also asks the Court to award costs, expenses, and attorneys' fees associated with his motion to remand under 28 U.S.C. § 1447(c).

## LAW AND ANALYSIS

### A. Removal and Remand Generally

Generally, a defendant may remove a civil action from state court to federal court if

---

[6]R. Doc. 1-1.

[7]The citizenship of a corporation is determined by the state of its incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). In the notice of removal, AAA states it is incorporated in Missouri with its principal place of business in Missouri. AAA states defendants Wicker, Seymour and Smith are all citizens of Missouri.

[8]AAA also argues Weaver "emphatically denies" Plaintiff's allegations and AAA attached a declaration from Weaver denying Plaintiff's allegations. R. Doc. 1-2.

the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. §

1441(a). The plaintiff, however, can then make a motion to remand the case back to state

court if he believes the case should not have been removed, and remand is proper if at any

time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal statutes

must be strictly construed, and any ambiguities of fact and law should be resolved in favor

of a party seeking remand. *See, e.g. Manguno v. Prudential Property and Cas. Ins. Co.*,

276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that

federal jurisdiction exists, *see e.g. Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1336 (5th

Cir. 1995), and for purposes of this question, the Court is only concerned with whether

jurisdiction existed at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412

(5th Cir. 1995). A federal district court has jurisdiction over lawsuits between citizens of

different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If

either of these requirements - the complete diversity requirement or the jurisdictional

minimum requirement - is not met, the Court lacks subject matter jurisdiction and remand

is proper. The requirement that the parties in the lawsuit be citizens of different states - the

"complete diversity" requirement - means that in a case in which a district court's

jurisdiction is based solely on the diversity of the parties, no plaintiff may be a citizen of the

same state as any defendant. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005).

**B. Improper Joinder**

In the removal context there exists a narrow exception to the complete diversity

requirement. If a plaintiff names a non-diverse defendant (i.e. a citizen of the same state

as the plaintiff), a truly diverse defendant still may validly remove the case to federal court

if it can demonstrate that the non-diverse defendant was improperly joined. *See Guillory*

*v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). To establish improper joinder, the removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonald v. Abbott Laboratories* 408 F.3d 177, 183 (5th Cir. 2005); *citing Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The removing party's burden of proving improper joinder is "heavy." *McDonald*, 408 F.3d at 183.

Neither party contends there was any actual fraud in Plaintiff's joinder of Weaver as a defendant, so the Court will focus on the question of whether Plaintiff has an arguably reasonable basis for recovery against Weaver under state law. To determine this issue, the Court must decide whether "there is an arguably reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.* 344 F.3d 458, 461 (5th Cir. 2003). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (emphasis in original). While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be with a Rule 12(b)(6) motion; while the Court will not "pre-try" the case, the Court may, in its discretion, "pierce the pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis (ie. depositions, affidavits, etc). *Id.* at 462-63. The Court's exercise of such discretion is proper when "the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood v. Central R.R. Co.* 385 F.3d 568, 573 (5th Cir. 2004). This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against the non-diverse

defendant. *Id.* at 573-74. "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. The Court must consider any unchallenged factual allegations, including those from the initial complaint, in the light most favorable to the plaintiff, and resolve any state law ambiguities in favor of the plaintiff. *Ross*, 344 F.3d at 462-63.

## C. Application

AAA argues Plaintiff's allegations against Weaver are "vague and inadequate" because Plaintiff did not allege with specificity the exact date of the alleged defamatory statements or the names of the individuals to whom the statements were made. AAA asserts there is no reasonable basis for Plaintiff to recover against Weaver because defamation must be pled with particularity under Louisiana law.

A claim for defamation requires: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004). "Malice" (or fault) is defined as a lack of reasonable belief in the truth of the statement giving rise to the defamation. *Costello*, 864 So.2d at 143, n. 14.

Plaintiff alleges that beginning in January 2013, Weaver falsely stated to several people that Plaintiff was "smuggling drugs across state lines in the gas tanks of vehicles."Plaintiff claims Weaver's statements were untrue and were made with reckless disregard for their falsity.[9] As a result of Weaver's actions, Plaintiff alleges he has suffered economic loss, emotional trauma, humiliation, loss of earning potential, and damage to his

---

[9]R. Doc. 1-1, p. 4. Plaintiff also asserts the statements were defamatory *per se* because the statements claim Plaintiff violated the law.

personal and professional reputation.[10] Based on the allegations contained in Plaintiff's

petition and the elements of defamation under Louisiana law, there is a reasonable basis

on which Plaintiff may recover against Weaver.

AAA's argument concerning the specificity of the facts alleged is unavailing. Under

Louisiana law, "a petitioner alleging a cause of action for defamation must set forth in the

petition with *reasonable specificity* the defamatory statements allegedly published by the

defendant." *Fitzgerald v. Tucker*, 737 So.2d 706, 713 (La. 1999)(emphasis added).[11]

Plaintiff's petition adequately identifies with "reasonable specificity" the defamatory

statements made by Weaver sufficient to demonstrate a "reasonable basis" for Plaintiff to

recover against Weaver. *Ross,* 344 F.3d at 461.[12] AAA has not carried its burden of showing

Weaver was improperly joined. Accordingly, the Court lacks jurisdiction and must remand

this case to state court.

**D. Costs**

Finally, the Court must address the propriety of Plaintiffs' request for "just costs"

under 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a plaintiff seeking remand may be

---

[10]R. Doc. 1-1, p. 7.

[11]The Court declines to accept AAA's argument that the Plaintiff must plead the exact date of the statement or publication and to whom the statement was made or published to have a reasonable basis for recovery in the context of a motion to remand. *See, e.g., Scott v. Houma-Terrebonne Housing Auth.*, 2002 WL 31007412 (E.D. La. Sept. 2002). In that case, the court granted plaintiff leave to amend the complaint to include factual allegations with more particularity regarding her defamation claim because the plaintiff's allegations of defamation were "conclusory." *Id.* The Court did not, however, consider whether the facts alleged provided a "reasonable basis" for recovery in the context of improper joinder.

[12]In coming to this conclusion, the Court did not consider the declaration attached to AAA's notice of removal. The Court may "pierce the pleadings" in deciding a motion to remand and look to summary judgment type evidence "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery." *Smallwood*, 385 F.3d at 573-74. The Court finds the allegations contained in Plaintiff's state court petition sufficient to provide a reasonable basis for recovery regardless of whether Plaintiff had custody over the vehicle. The affidavits do not "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery." *Id.*

entitled to attorneys' fees and other just costs associated with an improvident removal by a defendant.  However, while this statute authorizes the Court to award fees and costs upon remanding a case back to state court, it does not require such an award, and the Court has discretion to determine if the circumstances surrounding the removal were such that an award of fees and costs to the party resisting removal is warranted. *See, e.g., Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)("There is no automatic entitlement to an award of attorneys' fees. Indeed, the clear language of the statute makes such an award discretionary.").  In exercising this discretion, the district court does not consider the removing defendant's motivations for removing the case; instead, the district court need only consider whether the removing defendant had an "objectively reasonable" basis for removal. *Am. Airlines, Inc. v. Sabre, Inc.*, 694, F.3d 539, 541-42 n. 2 (5th Cir. 2012)(citations omitted).

The Court, in its discretion, finds that an award of costs and fees to plaintiff is appropriate in this case. The facts alleged in Plaintiff's petition clearly provide a reasonable basis for recovery against Weaver. In removing the case to this Court, AAA disregarded the appropriate standard for improper joinder and instead relied upon inapplicable case law. AAA's attempt to remove this case to federal court was objectively unreasonable. As such, an award of costs and attorneys' fees is appropriate here.

### CONCLUSION

For the above stated reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorneys' fees and costs under 28 U.S.C. § 1447(c) be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the issue of the exact amount of attorneys' fees and costs owed to the Plaintiff be and hereby is **REFERRED** to the assigned Magistrate Judge for the issuance of report and recommendation.

**New Orleans, Louisiana, this** __30th__ **day of June, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**